JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DIONNE COBB And ANTHONY LAWLER

### DEFENDANTS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff   **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AIVAZOGLOU & MIKROPOULOS, 1425 Chester Pike
Eddystone, PA 19022; Phone: (610) 876-8880

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | [x] 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1346 (b).
Brief description of cause:
USPS mail truck struck Plaintiffs' motor vehicle, causing Plaintiffs to suffer serious injuries

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 100,000 in total
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 7/24/22
SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __408 3rd Street, Brookhaven, PA 19015.__

Address of Defendant: __271 Ardmore Ave, Lansdowne, PA 19050__

Place of Accident, Incident or Transaction: __Upland Street and 6th Street, Upland Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/21/22__   _Must sign here_ (signature)   __46947__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
  *(Please specify):* __U.S. Government Defendant__

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   *Sign here if applicable* _____   _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Cobb et. al.              :       CIVIL ACTION
          v.              :
United States of America  :       NO. 2:22-CV-2924

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

7/24/2022                George A. Marinelli       Plaintiffs
**Date**                 **Attorney-at-law**       **Attorney for**

610-876-8880             N/A                       gmarinelli@aivazoglubmikropoulos.com
**Telephone**            **FAX Number**            **E-Mail Address**


(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIONNE COBB | CIVIL ACTION |
| AND | |
| ANTHONY LAWLER | |
| Plaintiffs | NO. 2:22-CV-2924 |
| v. | |
| UNITED STATES OF AMERICA | |
| Defendants | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiffs Dionne Cobb and Anthony Lawler are United States Citizens who were born in Pennsylvania.

2. Plaintiffs bring this action against Defendant, United States of America under the Federal Tort Claims Act.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 & 1346 (b).

4. Plaintiffs submitted Tort Claims for personal injury to the USPS National Tort Center, located at 1720 Market Street, Room 2400, St. Louis, MO 63155-9948. No decision has been rendered on Plaintiffs' claims. Therefore, Plaintiffs have therefore exhausted all available administrative remedies.

5. Venue is proper within this District under 28 U.S.C. §§ 1402 (b) as the acts that are subject of this Complaint within the District, in Delaware County, Pennsylvania.

## PARTIES

6. Plaintiff Dionne Cobb is and was at all times relevant to this Complaint a resident of Brookhaven, Pennsylvania.

7. Plaintiff Anthony Lawler is and was at all times relevant to this Complaint a resident of Brookhaven, Pennsylvania.

8. Kyle Stancil was at all times relevant to this Complaint an employee of the United States Postal Service, an executive agency of the United States of America.

9. At all times relevant to this Complaint, Kyle Stancil was acting within the scope and course of his employment with the United States Postal Service and, as such, Defendant United States of America is the appropriate Defendant under the Federal Tort Claims Act.

## **FACTUAL ALLEGATIONS**

10. On or about August 1, 2020, Plaintiff, Dionne Cobb was operating a motor vehicle with Plaintiff, Anthony Lawler as a passenger, travelling West on Upland Street, at or near 601 Upland Avenue, in Upland, Pennsylvania.

11. A USPS mail truck, operated by Kyle Stancil, suddenly pulled out from a parking lot proceeding South onto Upland Street and struck Plaintiffs' motor vehicle.

12. The accident, injuries, and damages sustained by the Plaintiffs were caused by the carelessness and negligence of the Defendants generally and in the following particular respects in that they:

    a. Failed to regard the rights and safety of Plaintiffs at the point aforesaid;

    b. Failed to have said motor vehicle under proper and adequate control;

    c. Operated said motor vehicles at a high and excessive rate of speed under the

...

<283>circumstances;

d. Failed to pay attention in violation of 75 Pa. Cons. Stat. § 3714;

e. Failed to make appropriate observations of traffic;

f. Failed to slow, stop, swerve or take other appropriate evasive action to avoid a motor vehicle collision;

g. Failed to slow down upon approaching Plaintiffs' vehicle;

h. Failed to operate the motor vehicle at the time of the accident in a careful and prudent manner;

i. Failed to keep a proper lookout;

j. Failed to apply the brakes on the motor vehicle in sufficient time to avoid the collision;

k. Violated the "Assured Clear Distance Rule";

l. Failed to exercise reasonable care for the safety of the Plaintiffs;

m. Failed to stop in violation of 75 Pa. Cons. Stat. § 3323;

n. Collided with another motor vehicle lawfully traveling on the roadway;

o. Acted in an otherwise negligent, careless manner without due regard and caution under the circumstances;

p. Violated other Acts of the General Assembly of the Commonwealth of Pennsylvania, as well as local ordinances and regulations, concerning the operation of motor vehicle, including the Pennsylvania Motor Vehicle Code;

q. Acted in an otherwise negligent, careless manner under the circumstances;

r. Was negligent at law; and

s. Was negligent per se

13. As a direct and proximate result of the negligent conduct the United States Postal Service and Kyle Stancil, Plaintiffs suffered substantial damages, including physical pain and suffering, emotional distress, lost wages and employment, and other financial losses.

## CAUSES OF ACTION
### COUNT I
### Plaintiff, Dionne Cobb v. Defendant, United States of America
(Negligence- Personal Injuries)

14. Plaintiff, Dionne Cobb incorporates by reference the facts alleged in paragraphs 1-13, above.

15. The United States Postal Service and USPS employee, Kyle Stancil owed a duty to Plaintiff, Dionne Cobb, and as described above, breached their duty to Plaintiff, and, as such, were a direct and proximate case and substantial factor in bringing Plaintiff's damages.

16. The actions of the United States Postal Service and Kyle Stancil constitute the tort of negligence under the laws of the Commonwealth of Pennsylvania.

17. As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff, Dionne Cobb suffered severe and painful injuries to her head, neck, right arm, extremities, and body, its bones cells, tissues, nerves, muscles, and functions, including, but not limited to, **post traumatic myalgias, disc bugles at C2-C3, focal left paracentral/foraminal disc protrusion at C3-C4 and C4-C5,** sprain of cervical spine, pain and stiffness in right shoulder, **pain in thoracic spine, disc bulges at L4-L5 and L5-S1, sprain in lumbar spine** , aggravation and/or exacerbation of both known and unknown preexisting medical conditions,

causing her great pain and suffering, some or all of which may be permanent in nature and may extend for an indefinite period of time into the future.

18. As a result of aforesaid, Plaintiff, Dionne Cobb has undergone great physical pain and mental anguish and she will continue to endure the same, for an indefinite time in the future to her great detriment and loss.

19. As a result of the aforesaid, Plaintiff, Dionne Cobb has been unable to attend to her usual and daily duties and occupations, and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

20. As a result of the aforesaid, Plaintiff, Dionne Cobb has suffered a loss and depreciation of her earnings and earning power and she will continue to suffer such loss and depreciation for an indefinite time in the future, to her great detriment and loss. Claim is also being made for impairment of future earning capacity and lost wages.

21. As a further result of the aforesaid, Plaintiff, Dionne Cobb has been obliged to receive and undergo medical attention and care and to incur various expenses for the same and may be obliged to continue to undergo such medical care and to incur such medical expenses for an indefinite time in the future.

22. As a further result of the aforesaid Plaintiff, Dionne Cobb has been prevented from and hindered in performing her customary duties, occupations, and activities, and she has been unable to enjoy the pleasures of life, all of which may continue for an indefinite time in the future.

23. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**WHEREFORE**, Plaintiff, Dionne Cobb respectfully requests:

    i. Compensatory damages;

    ii. Reasonable attorneys' fees and costs

    iii. Such other and further relief as may appear just and appropriate.

### COUNT II
### Plaintiff, Anthony Lawler v. Defendant, United States of America
### (Negligence- Personal Injuries)

24. Plaintiff, Anthony Lawler incorporates by reference the facts alleged in paragraphs 1-23, above.

25. The United States Postal Service and Kyle Stancil owed a duty to Plaintiff, Anthony Lawler, and, as described above, breached their duty to Plaintiff, Anthony Lawler, and, as such, were a direct and proximate case and substantial factor in bringing Plaintiff's damages.

26. The actions of the United States Postal Service and Kyle Stancil constitute the tort of negligence under the laws of the Commonwealth of Pennsylvania.

27. As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff, Anthony Lawler suffered severe and painful injuries to his head, neck, right shoulder, right arm, back and right knee, extremities, and body, its bones cells, tissues, nerves, muscles, and functions, including, but not limited to, **acute post traumatic headache, sprain of cervical spine, pain in right elbow, muscles spasm of back, pain in thoracic spine, sprain of the lumbar spine, pain in right knee, contracture in right knee,** aggravation and/or exacerbation of both

known and unknown preexisting medical conditions, causing him great pain and suffering, some or all of which may be permanent in nature and may extend for an indefinite period of time into the future.

28. As a result of aforesaid, Plaintiff has undergone great physical pain and mental anguish and they will continue to endure the same, for an indefinite time in the future to his great detriment and loss.

29. As a result of the aforesaid, Plaintiff, Anthony Lawler has been unable to attend to his usual and daily duties and occupations, and he will be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

30. As a result of the aforesaid, Plaintiff, Anthony Lawler has suffered a loss and depreciation of his earnings and earning power and he will continue to suffer such loss and depreciation for an indefinite time in the future, to his great detriment and loss. Claim is also being made for impairment of future earning capacity and lost wages.

31. As a further result of the aforesaid, Plaintiff, Anthony Lawler has been obliged to receive and undergo medical attention and care and to incur various expenses for the same and may be obliged to continue to undergo such medical care and to incur such medical expenses for an indefinite time in the future.

32. As a further result of the aforesaid Plaintiff, Anthony Lawler has been prevented from and hindered in performing his customary duties, occupations, and activities, and he has been unable to enjoy the pleasures of life, all of which may continue for an indefinite time in the future.

33. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**WHEREFORE**, Plaintiff, Anthony Lawler respectfully requests:

    i. Compensatory damages;

    ii. Reasonable attorneys' fees and costs

    iii. Such other and further relief as may appear just and appropriate.

**COUNT III**
**Plaintiff, Dionne Cobb v. Defendant, United States of America**
**(Negligent Entrustment/Vicarious Liability/Respondeat Superior)**

34. Plaintiff, Dionne Cobb incorporates by reference the facts alleged in paragraphs 1-33, above.

35. At all times material hereto, Defendants acted by and through their duly authorized agents, servants, and/or permissive users acting in the course and scope of their permissive use with and on behalf of said Defendants.

36. At all times material hereto, Defendants, and/or had reason to know, that their agent, servant and/or permissive user was unfit to safely and securely operate a motor vehicle.

37. The aforementioned accident, injuries, and damages sustained by Plaintiff, were caused by the direct and vicarious carelessness, negligence of Defendants, both generally and in the following particular respects in that they:

    a. Failed to properly train their agents, servants, and/or permissive users in the safe execution/performance of their duties to avoid personal injury to other individuals;

    b. Failed to maintain proper and adequate control over said vehicle;

    c. Permitted the negligent use of their vehicle;

    d. Is vicariously liable for all of the negligent acts and/or omissions of their agents, servants, and/or permissive users occurring during the course and scope of their agency, service, and/or permissive use;

    e. Failed to properly supervise their agents, servants, and/or permissive users in the operation of their vehicle;

    f. Failed to use due care;

    g. Was negligent at law; and

    h. Was negligent per se.

38. As a direct and proximate result of the negligence of the Defendants, Plaintiff, Dionne Cobb suffered severe and painful injuries.

**WHEREFORE**, Plaintiff, Dionne Cobb respectfully requests:

    A. Compensatory damages;

    B. Reasonable attorneys' fees and costs

    C. Such other and further relief as may appear just and appropriate.

### COUNT IV
### Plaintiff, Anthony Lawler v. Defendant, United States of America
### (Negligent Entrustment/Vicarious Liability/Respondeat Superior)

39. Plaintiff, Anthony Lawler incorporates by reference the facts alleged in paragraphs 1-38, above.

40. At all times material hereto, Defendants acted by and through their duly authorized agents, servants, and/or permissive users acting in the course and scope of their permissive use with and on behalf of said Defendants.

41. At all times material hereto, Defendants, and/or had reason to know, that their agent, servant and/or permissive user was unfit to safely and securely operate a motor vehicle.

42. The aforementioned accident, injuries, and damages sustained by Plaintiff, were caused by the direct and vicarious carelessness, negligence of Defendants, both generally and in the following particular respects in that they:

    i. Failed to properly train their agents, servants, and/or permissive users in the safe execution/performance of their duties to avoid personal injury to other individuals;

    j. Failed to maintain proper and adequate control over said vehicle;

    k. Permitted the negligent use of their vehicle;

    l. Is vicariously liable for all of the negligent acts and/or omissions of their agents, servants, and/or permissive users occurring during the course and scope of their agency, service, and/or permissive use;

    m. Failed to properly supervise their agents, servants, and/or permissive users in the operation of their vehicle;

    n. Failed to use due care;

    o. Was negligent at law; and

    p. Was negligent per se.

43. As a direct and proximate result of the negligence of the Defendants, Plaintiff, Anthony Lawler suffered severe and painful injuries.

**WHEREFORE**, Plaintiff, Anthony Lawler respectfully requests:

    A. Compensatory damages;

    B. Reasonable attorneys' fees and costs

    C. Such other and further relief as may appear just and appropriate.

                                                              **AIVAZOGLOU & MIKROPOULOS**

Date: 7/21/22

                                                              George A. Marinelli, Esquire
                                                              Attorney for the Plaintiffs
                                                              **AIVAZOGLOU & MIKROPOULOS**
                                                              Attorney I.D. No. 46947
                                                              1425 Chester Pike
                                                              Eddystone, PA 19022
                                                              (610) 876-8880
                                                              gmarinelli@aivazogloumikropoulos.com

## **VERIFICATION**

*George Marinelli, Esquire,* verifies and says that he is an attorney-at-law in the offices of **AIVAZOGLOU & MIKROPOULOS,** that he is authorized to make this Verification, and, that the facts set forth in the foregoing Plaintiffs' Civil Action are true and correct to the best of his knowledge, information, and belief. Same is also being executred pursuant to PA. R.C.P §1024 as Plaintiffs' verification cannot be obtained within the time allowed for filing this Pleading.

This statement is made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Date: 7/24/22

AIVAZOGLOU & MIKROPOULOS

_____
George A. Marinelli, Esquire
Attorney for the Plaintiffs
**AIVAZOGLOU & MIKROPOULOS**
Attorney I.D. No.: 46947
1425 Chester Pike
Eddystone, PA 19022
(610) 876-8880
gmarinelli@aivazogloumikropoulos.com